NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CATHY FOLLO and GREG TARANTINO, | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civil Action No. 2:11-CV-04486 (DMC)(JAD) |
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, LOCAL UNION 137, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, EXECUTIVE BOARD, LOCAL UNION 137, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, and ROBERT LIGUORI, Business Manager, Local Union 137, | : : : : : : : : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court on Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Hudson County pursuant to 28 U.S.C. § 1447(c) and for fees pursuant to 28 U.S.C. § 1447(c). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the following reasons, Plaintiffs' motion to remand to the Superior Court of New Jersey, Law Division, Hudson County is **granted** and Plaintiffs' motion for fees is **denied**.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Cathy Follo and Greg Tarantino ("Plaintiffs") are employed as Pari-Mutuels for New Jersey Sports and Exposition Authority ("NJSEA") at the Meadowlands Racetrack in East Rutherford, New Jersey. (Pl. Mem. Supp. Mot. Remand 2, Aug. 24, 2011, ECF No. 8). Plaintiffs are members of Local Union 137, Laborers' International Union of North America, AFL-CIO, ("Defendant Union 137"), a local chapter of Laborers' International Union of North America ("LiUNA Defendant"), an international labor organization. Id.  Defendant Union 137 has been the exclusive bargaining representative of employees at the Meadowlands Racetrack since its opening in 1976. Id.

On or about July 15, 2011, Plaintiffs filed a Complaint and proposed Order to Show Cause in the Superior Court of New Jersey, Law Division, Hudson County.  This complaint arises out of Defendant Union 137's alleged failure to present a proposed collective bargaining agreement to union membership for an informed vote, thereby denying the members their ratification rights.[1]   (Pl.'s Complaint 22, Jul. 20, 2011, ECF No. 8-4).  Plaintiffs further alleged that such failure breached the local and international constitutions, the Union's duty of fair representation, and the Union's fiduciary duty to its membership as its collective bargaining agent. (Pl. Compl. 24).

In addition, Plaintiffs allege that Defendant Union charged excessive or discriminatory fees, constituting a violation of the Union Constitution as well as an Unfair Labor Practice under 29 U.S.C. Sec. 158 and 159.  (Pl. Complaint 26).

---

[1] The challenged contract was ratified by the Executive Board of the Union.  Plaintiffs allege that the Executive Board lacked the authority to ratify such contracts without first submitting the contract to an informed Union Membership vote. (Id. 22)

On July 28, 2011, Plaintiffs and Defendants appeared before the Honorable Maurice Gallipoli in New Jersey Superior Court regarding Plaintiffs' request for temporary restraints associated with their complaint. (Pl.'s Mem. Supp. Mot. Remand 7, Aug. 24, 2011, ECF No. 8). Following the hearing, Judge Gallipoli granted an Order to Show Cause with Interim Restraints, temporarily restraining and enjoining Defendant Union 137 from acting on any proposed contract pending the return date of the Order, set for August 31, 2011. Id.

On August 2, 2011, Defendant LiUNA filed a timely Notice of Removal of the instant case from the Superior Court to the United States District Court for the District of New Jersey. (Def.'s Notice Removal, Aug. 2, 2011, ECF No. 1). As the specified grounds for removal, Defendant provided "29 U.S.C. § 185 - Violation of Collective Bargaining Agreement." Id. On August 8, 2011, Honorable Faith Hochberg of the United States District Court of New Jersey issued a Standing Order Requiring Submission of Information Regarding Removal. (Order, Aug. 8, 2011, ECF No. 3). Defendant thereafter filed a Motion for Dissolution of Injunctive Relief. (Defs.' Mot. Dissolution, Aug. 24, 2011, ECF No. 7) On the same day, Plaintiffs filed a Motion to Remand the case to State Court. (Pls.' Mot. Remand, Aug. 24, 2011, ECF No. 8). These motions now come before this court on an Order to Reassign. (Ord. Reassign., Aug. 26, 2011, ECF No. 12).

Defendants assert that removal is proper on the grounds of federal question jurisdiction under 28 U.S.C. §1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, law or treaties of the United States."). Defendants provide two separate grounds for removal. First, Defendants allege that Plaintiffs' claims of breach of the Union Constitutions are cognizable under Section 301, and are thereby completely pre-empted by

Section 301. (Heineman Letter Setting Forth Defs.' Position on Mot. Remand 8, Aug. 25, 2011, ECF No. 13).   Second, Defendants assert that Plaintiffs' allegations of breach of fiduciary duty and breach of duty of fair representation arise from Defendant's status as exclusive representative of the employees under the National Labor Relations Act ("NLRA"), and therefore arise under federal law. Id. at 4.

Plaintiffs argue that removal was improper because the claims have not been completely pre-empted by Federal law, nor do they independently raise questions of federal law. (Pls.' Mem. Supp. Mot. Remand 14, Aug. 24, 2011, ECF No. 8)  Plaintiffs maintain that this case should be remanded as Defendants have failed to fulfill their heavy burden in demonstrating that removal was proper.  Id.

Upon consideration, this court finds that removal was improper and hereby remands this case to the Superior Court of New Jersey, Law Division, Hudson County

## DISCUSSION

In reviewing a motion for remand, the Court must construe the removal statutes strictly and resolve all doubts in favor of remand.  See Shamrock & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (removing party carries a "heavy burden of persuasion"); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985); North Jersey Sav. & Loan Assoc. v. Fid. & Deposit Co. of Md., 125 F.R.D. 96, 100 (D.N.J. 1988).

A defendant may remove a claim from a state court to a federal district court pursuant to

28 U.S.C. §1441 and 28 U.S.C. §1446. 28 U.S.C. § 1441(a) provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163-64 (1997).

  28 U.S.C. §1446(a) states:

> [a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Defendant bears the burden of proving that removal was proper. Boyer v. Snap-on Tools Corp. 913 F.2d 108, 111 (3d. Cir. 1990).

  In this case, Defendant LiUNA bases removal on federal question jurisdiction. The presence of federal question jurisdiction as the basis for removal is governed by the well pleaded complaint rule. Gully v. First Nat'l Bank, 299 U.S. 109, 116 (1936). Plaintiff is the master of the claim and may avoid federal jurisdiction by exclusively relying on state law. Kline v. Sec. Guards, Inc., 386 F.3d 246, 252. (3d Cir. 2004) A plaintiff may not, however, avoid federal jurisdiction through artful pleading if, pursuant to the complete pre-emption doctrine, their claim is one that belongs in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). The doctrine of complete pre-emption is satisfied if

> the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint doctrine. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is

considered, from its inception, a federal claim and therefore arises under federal law.

Id. Citing Metro. Life Ins. Co v. Taylor, 481 U.S. 58, 65 (1987), Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 24 (1983) (internal citation and quotations omitted).

Defendant LiUNA provides two separate bases of support in its assertion that this court has original jurisdiction over this case. First, Defendants allege that the claims presented in Plaintiffs' complaint are completely pre-empted by Section 301 of the Labor Management Relations Act.[2] Second, Defendants assert that Plaintiffs' claims present federal questions under the National Labor Relations Act ("LMRA"). We address these assertions in turn.

1.  Section 301 of Labor Management Relations Act

Defendants allege that Plaintiffs' claims of breach of collective bargaining agreement and Union Constitution have been completely pre-empted under Section 301 of the Labor Management Relations Act. Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce…or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a).

Although Section 301 has been found to hold pre-emptive force, such pre-emptive force has been limited to claims which rely upon the interpretation of a collective bargaining agreement. See

---

[2] Defendants initially argued that "Federal Courts have recognized that Union constitutions and bylaws are collective bargaining agreements within the meaning of 29 U.S.C. Section 301." (Heineman Aff. ¶5, Aug. 12, 2001, ECF No. 5). Defendants later asserted that a claim for a violation Union Constitutions fall within the jurisdiction of Section 301, and is therefore pre-empted. (Def. Br. Opp. Remand, Aug. 29, 2011, ECF No. 13)

Franchise Tax Board, 463 U.S. at 23 (finding complete pre-emption under Section 301); Voilas v. General Motors Corp., 170 F.3d 367, 373 (3d Cir. 1999)(acknowledging limitation of Section 301 complete pre-emption to claims relying on interpretation of collective bargaining agreement). The mere fact that Plaintiff has rights that could be vindicated by a collective bargaining agreement therefore does not necessarily require that their claims be pre-empted. Id. Rather, employees "have the option of vindicating their interests by means of either a Section 301 action or an action brought under state law, as long as the state-law action as pleaded does not require interpretation of the collective bargaining agreement." Id. 373-74l; see also Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-10 (1988)("As long as the state claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for §301 purposes.") Here, Plaintiffs' claims do not rely on the interpretation of a collective bargaining agreement and are therefore not pre-empted under current Third Circuit precedent.

Defendants assert that because Plaintiffs' claims are premised upon a Union Constitution, which has been found to constitute a Section 301 contract, that such claims are necessarily pre-empted. Defendants correctly point out that the Supreme Court had held in Wooddell v. Elec. Workers, Local 71, that the subject matter jurisdiction of Section 301 extended to union constitutions, which constitute contracts between labor organizations. 502 U.S. 93, 99 (1991). The Wooddell court, however, specifically discussed the distinction between a collective bargaining agreement and a union constitution. Id.  Therefore, it does not follow that merely because Plaintiffs' claims fall under Section 301 that they necessarily fall under the narrow pre-emptive force of Section 301.

Defendants also assert that Plaintiffs claims of breach of duty of fair representation arise

under and are completely pre-empted by Section 301. (Heineman Letter 10, Aug. 29, 2011, ECF No. 13) Defendants allege that the reach of Section 301 is not limited to the interpretation of collective bargaining agreements, but reaches their negotiations as well. Id. As previously discussed, the complete pre-emptive force of Section 301 has been limited to claims that require the interpretation of a collective bargaining agreement. This claim arises from the negotiations of a collective bargaining agreement and an interpretation of the collective bargaining agreement itself is not required. Therefore, this basis for removal must also fail.

2.      National Labor Relations Act

Defendants assert that Plaintiffs' allegations of breach of duty of fair representation and breach of fiduciary duty constitute federal causes of action. (Heineman Aff. ¶3, Aug. 12, 2011, ECF No. 5). Defendants argue that the alleged fiduciary duties and duty of fair representation arise from Local 137's status as exclusive collective bargaining representative of the bargaining unit under federal law. Id. Specifically, Defendants assert that the relevant law for purposes of assessing the Union's duty of fair representation includes Federal Labor law principles of successorship under 29 U.S.C. §158(a)(3) and (5) and §159. Id.

As previously discussed, in order for a state law claim to provide the basis for removal, such claim must be *completely* pre-empted by federal law. See Franchise Tax Board, 463 U.S. at 24 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law"), see also Caterpillar Inc. v. Williams, 482 U.S. at 397. ("The fact that a defendant might ultimately prove that plaintiff's claims are pre-empted under the NLRA does not establish that they are removable to federal court.")  The Third Circuit has found that Section 8 of the NLRA does not

completely pre-empt state law, and therefore may not provide the basis for removal jurisdiction. Brione v. Bon Secourts Health Sys., 69 Fed. Appx. 530, 535-36 (3d Cir. 2003). As such, Plaintiffs' claims regarding unfair labor practices asserted under Section 8 of the NLRA do not provide adequate grounds for removal jurisdiction.

Decisions recognizing removal of claims brought under Section 301 of LMRA do not necessarily also dictate removal of fair representation claims under the NLRA. See Smith v. Local Union No. 110, Intern. Broth. Of Elec. Workers, 681 F.Supp.2d 995, 1001 (D.Minn. 2010). (applying the Caterpillar holding to distinguish claims arising under Section 301 that are completely pre-empted and complaints arising under Section 9 of NLRA). In order for complete pre-emption to apply, it must be shown that Congress clearly intended the federal law to provide the exclusive cause of action for the claim. As noted by the Fourth Circuit, neither the statutory language nor the legislative history of Section 9 of the NLRA "shows a clear intent by Congress that all state law claims relating to all fiduciary duties owed to union members by virtue of their union membership are exclusively federal claims." Barbour v. Int'l Union, 594 F.3d 315, 329-30 (4th Cir. 2010)(questioned on separate grounds). While Defendant notes that Federal courts have exercised jurisdiction to hear disputes arising out of a collective bargaining agreement between a union and a racetrack, such exercise of jurisdiction is not sufficient to establish complete pre-emption . Therefore, the fact that federal courts *have* exercised jurisdiction is not sufficient to establish that they must.

This court finds that Defendant has not satisfied its burden in demonstrating that removal to federal court was proper. Accordingly, Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Hudson County is granted.

    3.      Request for Fees and Costs

Plaintiffs seek costs and attorney fees in connection with the Motion to Remand pursuant to 28 U.S.C. § 1447(c) which provides:

> A motion to remand the case on the basis of any defect in removal procedure must in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)...An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal.

"[T]he district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith." See Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993); Moore v. PermanenteMed. Group, Inc., 981 F.2d443, 447 (9th Cir. 2003); Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir. 1992). "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996). However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Plaintiffs argue that an award of fees and costs are appropriate under the circumstances, due to Defendant's initial lack of an objectively reasonable basis for removal. (Pl. Br. Supp. Remand 23, Aug. 24, 2011, ECF No. 8). Plaintiffs point to Defendants' initial characterization of the basis for removal as a breach of a collective bargaining agreement, rather than violation of a union constitution, as lacking an objectively reasonable basis. Id.

In light of the substantial federal presence and the existence of limited complete federal

pre-emption in the area of union contracts affecting interstate commerce, this court does not find that Defendant's basis for removal was objectively unreasonable.

Accordingly, Plaintiffs' motion for costs and fees is denied.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Hudson County is **granted**. Plaintiffs' motion for fees is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh<br>
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: September 15, 2011
cc:   All counsel of record
      Honorable Joseph A. Dickson, J.S.M.J.